[706 NYS2d 704]

In the Matter of WILLIAM M. NOLAN (Admitted as WILLIAM MICHAEL F. NOLAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 17, 2000

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.

*LaRossa & Ross,* New York City (*Michael S. Ross* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing six charges of professional misconduct. The Special Referee sustained all six charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent joins in the motion to confirm and submits that the appropriate sanction to be imposed is a public censure.

The six charges of the petition are predicated upon a common set of factual allegations.

On or about July 20, 1992, Vincent Bennett, the respondent's father-in-law, died intestate leaving his wife, Ignatia, and three children, Stephen Bennett, Barbara Bennett, and June Bennett Burns as heirs. In representing the interests of his mother-in-law, the respondent, in or about March 1993, fabricated a document purporting to be a will executed by Vincent Bennett on March 19, 1983, which designated Ignatia Bennett as sole beneficiary. The respondent forged the signatures of the decedent and two purported witnesses and falsely notarized the witnesses' signatures on a purported affidavit of subscribing witnesses. The respondent also prepared waivers and consents on probate in the names of June Bennett Burns and Stephen Bennett to which he affixed and falsely notarized the forged signatures of those heirs.

The respondent submitted the fabricated will for probate in the Surrogate's Court, Kings County, in or about April 1993. In support of the probate petition, the respondent submitted the documents which he had forged, fabricated, and falsely notarized.

On or about May 14, 1993, the Surrogate's Court, Kings County, issued a decree admitting to probate the will submit-

ted by the respondent and issuing letters testamentary to the widow, Ignatia Bennett, who used those letters to withdraw approximately $50,000 from passbook accounts belonging to the estate.

Charge One alleged that the respondent engaged in illegal conduct involving moral turpitude, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Four alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

Charge Five alleged that the respondent knowingly assisted a client in illegal conduct, in violation of Code of Professional Responsibility DR 7-102 (a) (7) (22 NYCRR 1200.33 [a] [7]).

Charge Six alleged that the respondent engaged in illegal conduct, in violation of Code of Professional Responsibility DR 7-102 (a) (8) (22 NYCRR 1200.33 [a] [8]).

Based on the evidence and the undisputed facts, the Special Referee properly sustained all six charges. The Grievance Committee's motion to confirm, as joined by the respondent, is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his expressed remorse, the character evidence which demonstrated his reputation in the community for truthfulness, honesty, and integrity, the lack of any venal intent or harm to any client, and the absence of any prior disciplinary history. Notwithstanding the mitigation proffered by the respondent, this was a complex forgery of a number of documents for admission to probate. Under the circumstances, the respondent is disbarred for his professional misconduct.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent William M. Nolan is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, William M. Nolan is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.